IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:17-cr-198-6

DEBRA MARTIN

MEMORANDUM OPINION AND ORDER

Pending before the court is a pro se letter-form motion for compassionate release, [ECF No. 429], filed by Defendant Debra Martin ("Martin"). Martin previously filed an Expedited Motion for Compassionate Release, [ECF No. 424], on September 3, 2020. I denied that Motion for a failure to demonstrate extraordinary and compelling reasons that would justify her release. [ECF No. 427].

For me to reduce or modify Martin's sentence under compassionate release, I must find that she has exhausted her administrative remedies or waited 30 days from petitioning the Warden at the facility in which she is housed, has demonstrated "extraordinary and compelling reasons," is not a danger to the safety of others, and find that her release is consistent with the § 3553(a) factors. *See e.g.*, *United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855, at *2 (E.D.N.C. May 6, 2020); U.S.S.G. § 1B1.13 (2018). If the defendant is filing a renewed motion for compassionate release based on new or additional allegations not included in the original Motion, the defendant must again exhaust her administrative remedies.

*United States v. Read-Forbes*, No. 12-20099-01-KHV, 2020 WL 4726685, *3 (D. Kan. Aug. 13, 2020); *United States v. Adkins*, No. 2:10-CR-10-PPS, 2020 WL 4188205, at *2 (N.D. Ind. July 21, 2020); *United States v. Polley*, No. CR 18-196, 2020 WL 3574373, at *3 (E.D. Pa. June 30, 2020).

Here, Martin has alleged that new circumstances—namely a confirmed positive case of COVID-19 at her place of confinement—call for additional judicial review. However, Martin has not made the necessary showing that she has exhausted her administrative remedies for this new motion. Martin has included documentary evidence to show that she exhausted her remedies for purposes of filing her original Motion, [ECF No. 424], but she has not indicated that she has made any such required request to the Warden for this new request. Therefore, her Motion, [ECF No. 429], is **DENIED without prejudice**. This ruling means that Martin may petition the court again after making a request to the Warden *and* either exhausting her administrative remedies through the Bureau of Prison's appeal process or waiting 30 days from the Warden's receipt of her request, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A).

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

DATE: November 19, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE